UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JOSE P., et al.,  :
 :  **ORDER**
                Plaintiffs,  :
 :  CV 96-1834 (ERK)
   v.  :
 :
RICHARD P. MILLS, et al.,  :
 :
                Defendants.  :
------------------------------------------X
DYRCIA S., et al.,  :
 :
                Plaintiffs,  :
 :
   v.  :
 :
THE BOARD OF EDUCATION OF THE  :
CITY SCHOOL DISTRICT OF THE CITY OF  :
NEW YORK, et al.,  :
 :
                Defendants.  :
------------------------------------------X

## INTRODUCTION

By Order dated December 29, 2020, I was appointed to serve as a Special Master in this action. In that capacity, I am vested with jurisdiction over "[t]he parties' compliance with the Judgment, Orders and Stipulations in the Action" and "[t]he criteria and mechanisms to effectuate the ultimate resolution of the Action." Docket Entry 172; Order dated December 29, 2020.

On May 6, 2025, I entered and Order granting in part Plaintiffs' motion seeking to compel the Department of Education to disclose various types of information. Docket Entry 188. That Order directed that DOE produce, among other things, information regarding "[t]he number

of full-time equivalent Related Services providers (by license and borough) that DOE projects it needs to meet Plaintiffs' current Related Services needs." Order at 5–6.

Plaintiffs conducted a deposition of DOE pursuant to Fed. R. Civ. P. 30(b)(6) on August 26, 2025. Suzanne Sanchez, Chief of Special Education within the Division of Inclusive and Accessible Learning, testified on behalf of DOE. Tr. 10:10–12.[1] During her testimony, Ms. Sanchez referred to a particular document used in connection with the provision of related services called a Hiring SharePoint. Tr. 176:20–24.

Plaintiffs demanded production of the Hiring SharePoint during the deposition. Tr. 176:25-177:3. DOE, in a letter to Plaintiffs dated September 22, 2025, objected to producing the document on the ground that it does not reveal "[t]he number of full-time equivalent Related Services providers (by license and borough) that DOE projects it needs to meet Plaintiffs' current Related Services needs," and that its production is therefore not required by the May 6, 2025 Order.

By letter dated October 3, 2025, Plaintiffs now move to compel production of the Hiring SharePoint document. By responsive letter dated October 6, 2025, DOE reiterates the objection to production it asserted in its letter to Plaintiffs dated September 22, 2025.

During the deposition. Ms. Sanchez was asked what her office does when there is insufficient funding to provide a particular related service. In response, Ms. Sanchez testified that

> In the immediate, [we] seek to obtain agency—contract agency coverage as well as track that in an internal tracking document, that there is a need at this school. And that is compiled and will be part of a prioritization activity, should funding become available. . . So the document[,] maintained internally by the Special Education Office/the Office of Related Services[,] is. . . is used as a working document, like a working tracking system by that office specifically. . . the Office

---

[1] "Tr." refers to the transcript of the deposition of the DOE taken on August 26, 2025.

2

>> of Related Services is the group that wakes up every day and is thinking how do I. . . how do I provide services.  So they maintain it.

Tr. 175:15-176:15.  Ms. Sanchez went on to identify the document she was referring to in this testimony as the Hiring SharePoint that is the subject of Plaintiffs' pending motion.

Having reviewed the relevant testimony of Ms. Sanchez, I conclude that the Hiring SharePoint document is responsive to the discovery demand I approved in my Order of May 6, 2025.  While it may not provide the precise information demanded by Plaintiffs, it is certainly likely to provide relevant information about how DOE tracks and accounts for the number of Related Services providers required to meet the needs of its students.  I further note that DOE's only objection to production has been on the ground that the document is not responsive to Plaintiffs' demand; DOE has not argued that production would be unduly burdensome or reveal privileged information.

For all these reasons, Plaintiffs' motion is granted.  DOE shall produce the Hiring SharePoint document no later than one week from the date of this Order.

SO ORDERED.

*Steven M. Gold*
SPECIAL MASTER STEVEN M. GOLD

Dated: October 7, 2025

3